J-S69017-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DUWAYNE A. DIXON, JR., Appellant | No. 351 WDA 2017 |

Appeal from the Judgment of Sentence February 9, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016492-2008

BEFORE:  BOWES, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    FILED DECEMBER 13, 2017

Appellant, Duwayne A. Dixon, Jr., appeals from the judgment of sentence of sixteen years and eleven months to thirty-three years and ten months of incarceration, imposed February 9, 2017, following a jury trial resulting in his conviction for aggravated assault, conspiracy, criminal attempt – homicide, intimidation of a witness, and retaliation against a witness.[1]

We adopt the following statement of facts and procedural history from two prior memoranda of this Court.  See Commonwealth v. Dixon, 156 A.3d 339 (Pa. Super. 2016) (unpublished memorandum at 1-3);  see also Commonwealth v. Dixon, 120 A.3d 379 (Pa. Super. 2013) (unpublished

_____

[*] Former Justice specially assigned to the Superior Court.

[1] See 18 Pa.C.S. §§ 2702(a)(1), 903(a)(1), 901(a), 4952(a)(1), and 4953(a).

memorandum at 1-3). In 2008, Appellant shot Andre Ripley, who had been scheduled to testify against the leader of Appellant's gang in an unrelated criminal matter. Ripley was hospitalized for two months, unable to see.[2] In January 2013, a jury convicted Appellant of the aforementioned crimes. In March 2013, the Honorable Joseph Williams imposed an aggregate sentence of twenty-eight to fifty-six years of incarceration and a consecutive forty years of probation.

Appellant timely appealed, and this Court vacated his sentence and remanded for resentencing based upon the trial court's failure to merge the sentences for Appellant's convictions for aggravated assault and criminal attempt – homicide, as well as other sentencing irregularities.

Upon remand, Judge Williams resentenced Appellant to an aggregate sentence of twenty to forty years of incarceration followed by seven years of probation. Appellant filed a post-sentence motion and a motion for recusal, both of which were denied. Appellant timely appealed. Our Court vacated Appellant's sentence due to Judge Williams' improper personal attack upon Appellant at the sentencing hearing. We found that although the sentence itself did not appear excessive in light of the circumstances, the trial court's remarks meant that the sentence could not be divorced from the appearance of bias.

_____

[2] At Appellant's third sentencing, the Commonwealth indicated that since the time of the shooting, Mr. Ripley has regained his eyesight but now suffers from seizures. See Notes of Testimony (N.T.), 2/9/17, at 12.

Upon remand, Judge Williams recused himself, and the matter was reassigned to the sentencing court. Following a hearing, the court resentenced Appellant to an aggregate sentence of sixteen years and eleven months of incarceration to thirty-three years and ten months of incarceration. Appellant filed a post-sentence motion, which the court denied.

Appellant timely appealed, and both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following question for our review:

1. Was the sentence imposed upon [Appellant] after remand unreasonable, manifestly excessive, contrary to the dictates of the Sentencing Code, and an abuse of the sentencing court's discretion by focusing upon retribution and the seriousness of the victim's injury, and not upon [Appellant's] need for rehabilitation? And did the court improperly focus upon the seriousness of [Appellant's] crime, which is a factor already accounted in the sentencing guidelines via the offense gravity score? Finally, did the court abuse its discretion in imposing a sentence of 16 years, 11 months to 33 years, 10 months of incarceration, a sentence that is so manifestly excessive that it constitutes too severe a punishment?

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. See Commonwealth v. Coulverson, 34 A.3d 135, 142 (Pa. Super. 2011); see also Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether

Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal and preserved his issue in a post-sentence motion for reconsideration of sentence. See Mot. for Recons., 2/21/17, at 1-6. Appellant has included an appropriate Pa.R.A.P. 2119(f) statement in his brief. We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code, and, if so, review the merits.

The determination of a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013). A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. Commonwealth v. Sierra, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive may raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. Commonwealth v. Mouzon, 812 A.2d 617, 627-28 (Pa. 2002). "When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.] § 9721(b), that is, the protection of the public, gravity of

- 4 -

offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc), appeal denied, 126 A.3d 1282 (Pa. 2015).

In his statement, Appellant contends that he has raised a substantial question because his sentence is manifestly excessive and unreasonable, and that the court focused solely on the seriousness of the offense and "double counted" the seriousness. See Appellant's Brief at 14-19. In Caldwell, we concluded that the appellant's claim that his sentence was unduly excessive together with his claim that the court failed to consider his rehabilitative needs, constituted a substantial question. Caldwell, 117 A.3d at 770. Accordingly, we will review Appellant's challenge to the discretionary aspects of his sentence on the merits.

Appellant contends that the court improperly focused on retribution and the seriousness of the victim's injury without considering his need for rehabilitation. See Appellant's Brief at 22. Further, Appellant claims that the court focused extensively on the seriousness of the offense, a factor already considered by the sentencing guidelines. See Appellant's Brief at 25. Finally, Appellant argues that the court failed to explain on the record why it imposed consecutive aggravated range sentences, making the sentence too severe a punishment.

When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion. See

Commonwealth v. Seagraves, 103 A.3d 839, 842 (Pa. Super. 2014). We observe:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa. Super. 2006)).

> With regard to consecutive sentences, we have noted that

> the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why [a defendant] should be afforded a "volume discount" for his crimes by having all sentences run concurrently.

Commonwealth v. Johnson, 961 A.2d 877, 880 (Pa. Super. 2008) (internal citations and quotations omitted).

Additionally, "where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Clarke, 70 A.3d 1281, 1287 (2013).

On the record, the court stated:

I have reviewed everything and I believe that I am familiar with the underlying facts of the case. The only significant difference between the last sentencing and now is corrected guidelines request reflecting a one prior record score, which does change the guidelines in the case.

Having said that, and having considered these guidelines as well as everything else, including the total of 15 misconducts, the most recent of which was a little over a month ago, all of the misconducts or the great majority of them continue to be in the nature of [Appellant] refusing to comply with the rules and/or fighting and disrespecting authority figures.

None of these factors lead me to believe that [Appellant] has yet matured or decided that he does want to comport his behavior to the ordinary rules of society, which combined with the underlying facts here and the extraordinary nature of those as well as any lack of remorse to the victim leads me to sentence him as follows: on count three, the criminal attempt felony ones, I will sentence him in the aggravated range, 95 to 190 months; at count four, a felony for intimidating, again [the] sentence is in the aggravated range of 72 to 144 months consecutive, and at count five a sentence of 36 to 72 months consecutive. I believe with the length of the sentence here that it is likely that he will serve some period of time on parole, so I don't believe that a consecutive probation would be meaningful.

See N.T., 2/9/17, at 14-15.

Thus, the record reflects that the court had the benefit of the presentence investigation report and considered Appellant's character and rehabilitative needs. See Clarke, 70 A.3d at 1287. The court did not focus on the seriousness of the offense, but instead focused on 1) Appellant's repeated misconduct in prison, showing his lack of amenability to rehabilitation; 2) the nature of the underlying facts; and 3) Appellant's lack of remorse for the victim's injury. The court thus imposed the consecutive

sentences it felt appropriate and which were within its discretion. See Johnson, 961 A.2d at 880. Accordingly, we decline to find that the trial court has abused its discretion in fashioning its sentence. See Shugars, 895 A.2d at 1275.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2017